[L. A. No. 7421. In Bank.—February 26, 1923.]

## NORBERT MYLES, Respondent, v. WILLIAM D. RUSSELL et al., Appellants.

[1] EVIDENCE—PROOF—TESTIMONY OF ONE WITNESS—SUFFICIENCY OF.— The testimony of one witness, who is entitled to credit, is sufficient for the proof of any fact in a civil case, even though that testimony be uncorroborated and contradicted by the testimony of any number of other witnesses.

[2] ACTION FOR SERVICES—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action to recover a balance due upon an account for services it is held that the findings are supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Stivers, D. S. McCann and Wm. B. Ogden for Appellants.

Stephen Monteleone for Respondent.

MYERS, J.—Defendants appeal from a judgment for plaintiff in an action to recover a balance due upon an account for services rendered by him as a motion picture director, and for moneys expended by him in that connection for the benefit of defendants. One item of plaintiff's account, as found and allowed by the court, was the sum of $2,800 on account of fourteen written stories and continuities at the agreed price of $200 each. Defendants contended that six only of the fourteen stories had been delivered. The court found "that plaintiff prepared, fur-

nished, and delivered to defendants during said period of employment fourteen complete written stories and written continuities to accompany the same, instead of six written stories, as alleged in defendants' answer.'' This finding is claimed by appellants to be wholly unsupported by the evidence. Plaintiff testified that he had prepared the fourteen stories, had typewritten an original and two carbon copies of each, had used each of the fourteen originals in the direction and production of a picture therefrom for the defendants, and had left the two carbon copies of each at the studio of the defendants. [1] It is, of course, elementary that the testimony of one witness, who is entitled to credit, is sufficient for the proof of any fact in a civil case, even though that testimony be uncorroborated and be contradicted by the testimony of any number of other witnesses. It may be noted, however, that in this case plaintiff's testimony on this point was corroborated and was not substantially contradicted.

Defendants alleged, by way of an affirmative defense, that the plaintiff was guilty of dishonesty in the discharge of his duties, amounting to unfaithful service, in that he had in the course of his employment misappropriated and converted to his own use divers sums of money belonging to the defendants, and that because thereof he was barred from recovering herein. Appellants' counsel claim that in support thereof it was shown upon the trial that the plaintiff had in one instance presented to the defendants a voucher for twenty-five dollars on account of money expended by him, which he had not in fact expended. They do not print in their brief any evidence in support of this claim, nor do they refer to any place in the typewritten transcript where such evidence may be found. They also claim that plaintiff testified at the trial that he had expended twenty dollars in one instance, wherein he had in fact expended only one dollar. Upon the basis of these two claimed instances of misconduct they assert that he is barred from any recovery herein, and cite a line of cases holding that where a servant has been *habitually embezzling* his master's money which came into his hands in the course of his employment, he is thereby barred from recovering any balance of the wages which may be due him. It is obvious that such a rule would not be applicable to the facts herein, even if they were as

thermore, in this instance, it does not appear to us that the points of the special demurrer are well taken.

The judgment of the lower court is reversed.

Lennon, J., Seawell, J., Myers, J., Kerrigan, J., Wilbur, C. J., and Lawlor, J., concurred.