[Civ. No. 24248. Second Dist., Div. Three. July 18, 1960.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. STEVE G. KELIGIAN et al., Defendants; ROBERT J. HAYS et al., Appellants.

Robert J. Hays, in pro. per., for Appellants.

George C. Hadley, S. Philip Teresi and Charles E. Spencer, Jr., for Respondent.

VALLÉE, J.—Proceeding in eminent domain. Defendants Robert J. and Margaret L. Hays appeal from the interlocutory judgment.

The cause is here on a settled statement. Pursuant to rule 7 of the Rules on Appeal, defendants served and filed a condensed statement in narrative form of such portions of the oral proceedings as they deemed material to the determination of the points on appeal, and stated as the point to be raised by them on appeal that "the compensation awarded is so grossly disproportionate as to the true market value war-

ranted by the facts as to shock the *the* sense of justice and is wholly unsupported by the Plaintiffs' evidence and against the weight of all evidence." Defendants are thus precluded from presenting any ground for reversal other than the sufficiency of the evidence to sustain the verdict.[1]

Defendants were the owners of Parcel 18. The jury found the value of the property sought to be condemned and all improvements thereon pertaining to the realty to be $17,000. Defendant Robert J. Hays testified the fair market value of Parcel 18 was $29,438.71, stating the reasons for his opinion and introducing in evidence a number of photographs of the property and a map. Mr. Welbourne, called by plaintiff, qualified as an expert appraiser and testified that in his opinion the fair market value of Parcel 18 was $17,000. He pointed out on a map received in evidence 11 sales he said he studied and examined in order to assist him in arriving at the fair market value of defendants' property. On objection of defendants he was not allowed to state the sales price as to nine of the sales he had studied. The court and jury viewed defendants' property and all the properties Mr. Welbourne had testified he used in arriving at his opinion.

The testimony of Mr. Welbourne together with the jury's view is sufficient to sustain the verdict. The testimony of one witness who is entitled to credit is sufficient for proof of any fact in a civil case even though that testimony be uncorroborated and contradicted by the testimony of any number of other witnesses. (Code Civ. Proc., § 1844; *Myles* v. *Russell*, 190 Cal. 485, 486 [213 P. 491]; *Sales* v. *Bacigalupi*, 47 Cal. App.2d 82, 86 [117 P.2d 399]; *Simonet* v. *Frank F. Pellissier & Sons*, 61 Cal.App.2d 41, 44 [141 P.2d 922]; 19 Cal.Jur.2d 39, § 310.) The jury were the exclusive judges of Mr. Welbourne's credibility. (Code Civ. Proc., § 1847.) The jury

[1] Rule 7, Rules on Appeal: "If, in lieu of a reporter's transcript, the appellant desires to set forth the oral proceedings by a settled statement, he shall serve and file a notice so stating within 10 days after filing the notice of appeal. Within 30 days thereafter the appellant shall serve and file a condensed statement in narrative form of all or such portions of the oral proceedings as he deems material to the determination of the points on appeal. Where necessary for the purposes of accuracy, clarity or convenience, portions of the evidence may be set forth by question and answer, subject to the approval of the court in settling the statement. If the condensed statement purports to cover only a portion of the oral proceedings, the appellant shall state the points to be raised by him on appeal, and in such event shall be precluded from presenting any grounds for reversal not embraced within the points stated by him unless the reviewing court, on motion, shall permit him to present additional errors or grounds of appeal on such terms as it may prescribe. . . ."

are the judges of the effect or value of evidence addressed to them. (Code Civ. Proc., § 2061.)

As stated earlier, the jury viewed Parcel 18 and all the properties Mr. Welbourne had testified he used in arriving at his opinion. The jury's view, which was made with the consent of defendants, is evidence corroborative of the oral testimony. (*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 105-106 [223 P.2d 37].)

Defendants' brief is made up largely of a running account of an investigation, made by defendant Robert J. Hays apparently after the denial of a motion for a new trial, of the 11 sales testified to by Mr. Welbourne. It is asserted the investigation disclosed matters which "clearly demonstrate the incomplete study and investigation that he [Mr. Welbourne] made in arriving at any opinion of the Fair Market Value of parcel #18 and therefore the verdict is not supported by the evidence." None of these matters is in the settled statement. Consequently they may not be considered. The statement of the case in the appellant's brief must "be accurate and confined to matters in the record on appeal." (Rule 13, Rules on Appeal, 36 Cal.2d 14.) The settled statement cannot be impeached by charges contained in a brief. (*Newman* v. *Los Angeles Transit Lines,* 120 Cal. App.2d 685, 694 [262 P.2d 95].) In reviewing the cause we are confined to the record of the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal which, in this case, is the settled statement. It is improper to set forth in briefs facts, events, or other matters not included in the record on appeal. (*Lady* v. *Barrett,* 43 Cal.App.2d 685, 686-687 [111 P.2d 702]; *Danziger* v. *Peebler,* 88 Cal.App.2d 307, 310 [198 P.2d 719].) Matters occurring after the entry of judgment are ordinarily not reviewable. "The function of an appellate court is to review the action of the inferior court in rendering the judgment or making the order from which the appeal is taken. For this purpose a record of the proceedings before the inferior court and of the matters presented for its action is brought to the appellate court, and in determining the correctness of the judgment or order appealed from it is limited to a consideration of that record. If the judgment is affirmed such affirmance is as of the date at which it was rendered. If it is reversed the case stands as if no judgment had been rendered by the inferior court. It is therefore manifest that error on the part of the inferior court cannot

be predicated by reason of any matter occurring subsequent to its rendition of the judgment, and it is equally evident that it would be irrelevant for the appellate court to entertain any evidence of such subsequent matters.'' (*People's Home Sav. Bank* v. *Sadler*, 1 Cal.App. 189, 193 [81 P. 1029].)

 Defendants complain of rulings with respect to the admission and exclusion of evidence. Since these were not stated below as points to be raised on the appeal, defendants are precluded from presenting them. Further, the settled statement contains only a broad general reference to the rulings complained of and is a wholly inadequate basis for the contentions now made.

We find no basis in the settled statement for defendants' assertions that the compensation awarded appears to have been given under the influence of passion ''and/or'' prejudice; that the verdict is against law; that defendants were taken by surprise by a codefendant settling out of court; or that their property was taken without due process of law. Defendants appeared below in propria persona. One of the grounds on which it is claimed defendants' property was taken without due process is that the state refused to provide them with an attorney. There was no obligation on the state to provide them with an attorney.

Affirmed.

Shinn, P. J., and Ford, J., concurred.