[No. B018198. Second Dist., Div. Seven. Sept. 22, 1989.]

HELEN J. LEWIS et al., Plaintiffs and Respondents, v.
WILLIAM E. HANKINS, JR., et al., Defendants and Appellants.

**COUNSEL**

Robert Marc Hinden for Defendants and Appellants.

John F. Daum and Louise A. LaMothe for Plaintiffs and Respondents.

OPINION

LILLIE, P. J.—Defendants appeal, and plaintiffs cross-appeal, from judgment entered in an action to set aside fraudulent conveyances.

### FACTUAL AND PROCEDURAL BACKGROUND

*The Prior Action*

In 1979 Helen J. Lewis, Williamarie Pettus and Irving and Dorothy Hunt sued William E. Hankins, Jr.,[1] for fraudulent and unlawful business practices in violation of Business and Professions Code section 17200 et seq. The amended complaint alleged that plaintiffs were victims of such practices whereby defendant induced homeowners threatened with foreclosure to deed their homes to defendant as security for loans made or arranged by defendant to enable homeowers to avoid foreclosure. Homeowners were made to sign papers whereby they granted title to their homes to defendant, were obligated to repay sums in excess of the amount of the underlying encumbrances on the homes, were charged usurious rates of interest, and were required to pay to defendant, as "rent" for the privilege of continuing to occupy their homes, sums substantially in excess of the monthly payments they previously owed on the underlying encumbrances.

In October 1980, pursuant to stipulation of the parties, a "Decree and Final Judgment of Restitution" (decree) was entered. The decree appointed Merrick Bobb as receiver to carry out its terms and ordered that defendant deliver to the receiver grant deeds conveying to him, in trust, title to certain parcels of real property to be reconveyed by the receiver to specified persons, including plaintiffs Hunt and Pettus. It was further ordered that defendant pay the receiver the sum of $424,560 to be used to reduce the balances of existing encumbrances on homes of the victims of defendant's fraud, or paid directly to such victims, including plaintiff Lewis.

*The Present Action*

In September 1980 plaintiffs sued Hankins to set aside fraudulent conveyances of real property made by him. It was alleged that defendant paid no part of the $424,560 he was ordered to pay by the decree and that his interest in the fraudulently conveyed property is subject to the lien of the decree which arose upon the recording of an abstract of judgment relating to the decree. During trial the complaint was amended, inter alia, to add the

---

[1] While the complaint named defendants in addition to William Hankins, for purposes of this appeal we regard Hankins as the sole defendant.

receiver, Merrick Bobb, as a plaintiff and to drop plaintiff Williamarie Pettus.

In its tentative decision the trial court determined that two of the five parcels in issue were held by entities that were "instruments through which defendant conducted his personal business"; said parcels therefore were defendant's property and as such were subject to the judgment lien of the decree. Two other parcels were conveyed by defendant to his wife; those conveyances were fraudulent as to plaintiffs because they were made without fair consideration and with the intent to hinder or delay creditors.[2]

Judgment was entered in favor of plaintiff Helen Lewis and against defendant ordering that said parcels be sold at execution and directing that the net proceeds of the sale be paid to the receiver and credited to defendant's obligations under the decree.

Defendant appeals from the judgment. Plaintiffs cross-appeal.

## DISCUSSION

## I

## DEFENDANT'S APPEAL

## A

Defendant contends that because the decree in the prior action awarded sums of money to individual plaintiffs payable out of the $424,560 to be deposited by defendant with the receiver, the court in the present action was limited to rendering judgment in favor of the receiver for the entire amount payable to all beneficiaries or, alternatively, rendering a separate judgment for each plaintiff limited to the amount awarded him or her by the decree. The judgment does not follow either course but instead improperly allows plaintiff Helen Lewis to enforce the terms of the decree on behalf of her co-plaintiffs. Defendant cites no authority supporting this attack on the judgment and we have discovered none. Further, the attack is untenable under the facts.

The decree awarded plaintiff Helen Lewis $46,000 payable out of the sum defendant was ordered to deposit with the receiver. In its tentative decision the trial court stated it was unable to ascertain the interest of plaintiffs Hunt

---

[2] The fifth parcel was found to have been neither fraudulently conveyed nor subject to the judgment lien of the decree.

under the decree; without such an interest, the court noted, the Hunts had no standing to complain of fraudulent conveyances. Williamarie Pettus was no longer a plaintiff, her name having been deleted from the amended complaint because of her death after commencement of the action. While the receiver was a party plaintiff he was not a judgment creditor of defendant and thus had no beneficial interest in the property fraudulently conveyed; he was added as a plaintiff because he was the receiver appointed in the prior action to distribute the $424,560 which the decree ordered Hankins to pay to him. Accordingly, Helen Lewis was the only remaining plaintiff in whose favor judgment properly could be rendered. In arguing otherwise, defendant ignores the distinction between the relief granted by a judgment (here, setting aside fraudulent conveyances) and the means of its enforcement.

The provision of the judgment relating to its enforcement reads in pertinent part as follows: "6. . . . Plaintiffs [*sic*] shall cause levy to be made on said parcels pursuant to C.C.P. § 700.015, said parcels shall be sold at execution pursuant to C.C.P. § 701.540 et seq., and the proceeds (after such deductions and costs as may be provided by law) shall be paid to the Receiver and credited to defendants' obligations under the Decree."

Helen Lewis is given authority to enforce the judgment insofar as she is directed to cause levy to be made on the parcels of property, thereby initiating proceedings for their sale at execution. It is not this aspect of the judgment which defendant challenges. His objection apparently is that plaintiff Lewis is designated by the judgment to disburse the proceeds of the sale to other beneficiaries. The judgment, however, does not authorize plaintiff Lewis to distribute those proceeds to her fellow beneficiaries under the decree. Instead, it directs that net proceeds of the sale be paid to the receiver and credited by him to defendant's obligations under the decree, thereby contemplating that the provisions of the decree will govern distribution of the proceeds. The decree provides for payment to individual beneficiaries out of the fund thus created and requires the payees to execute a release of defendant and the receiver.

Defendant further argues, again without citation of authority, that payments made pursuant to the decree to individuals who were not parties to the prior action would not have a res judicata effect. The proper place and time to voice that concern was in the prior action before entry of the stipulated decree. On this appeal in the present action, defendant may not object to the asserted lack of res judicata effect of the decree as against certain persons designated therein to receive payments out of the money deposited by defendant with the receiver.

## B

Defendant attacks the judgment on the further ground it appointed plaintiff Helen Lewis as a "de facto" receiver without her having met the requirements of Code of Civil Procedure section 567.[3] The contention is without merit.

■ "A receiver is an officer or representative of the court appointed to manage property that is the subject of litigation. [Citation.] The receiver is not an agent of either party to the action. The receiver represents all persons interested in the property. [Citations.] In other words, a receiver acts as a fiduciary on behalf of both parties as a representative and officer of the court." (*Security Pacific National Bank* v. *Geernaert* (1988) 199 Cal.App.3d 1425, 1431-1432 [245 Cal.Rptr. 712].) By no stretch of the imagination does the judgment clothe plaintiff Helen Lewis with the attributes of a receiver or require her to perform the functions of a receiver. Plaintiff Lewis is not a fiduciary or a representative and officer of the court. She is not entrusted with management of the parcels of real property that are the subject of this action. The judgment merely directs that she cause levy to be made on the parcels as part of the process of execution and sale. The net proceeds of the sale are ordered to be paid to the receiver appointed in the prior action for disbursement in accordance with the terms of the decree in that action.

## C

After defendant's notice of appeal was filed the trial court, pursuant to a provision of the judgment whereby it retained jurisdiction over the matter, made an order modifying the judgment to add the following sentence at the end of paragraph 6 of the judgment: "The duly appointed Receiver may cause levy of execution to be made in his name and the proceeds from any sales pursuant to said levies shall be paid to the Receiver and credited to defendants' obligations under the Decree."

Defendant contends the judgment must be reversed because under Code of Civil Procedure section 916 modification of the judgment after the perfection of his appeal was "clearly illegal." ■ We do not reach the merits of this contention. As a general rule matters occurring subsequent to judgment are irrelevant to an appeal from the judgment. (*Olincy* v. *Merle Norman Cosmetics, Inc.* (1962) 200 Cal.App.2d 260, 275 [19 Cal.Rptr. 387];

---

[3] Code of Civil Procedure section 567: "Before entering upon the duties of a receiver: [¶] (a) The receiver must be sworn to perform the duties faithfully. [¶] (b) The receiver shall give an undertaking to the State of California, in such sum as the court or judge may direct, to the effect that the receiver will faithfully discharge the duties of receiver in the action and obey the orders of the court therein. The receiver shall be allowed the cost of the undertaking."

*Rudolph* v. *Fulton* (1960) 178 Cal.App.2d 339, 344 [2 Cal.Rptr. 807].)
" 'The function of an appellate court is to review the action of the inferior court in rendering the judgment or making the order from which the appeal is taken. For this purpose a record of the proceedings before the inferior court and of the matters presented for its action is brought to the appellate court, and in determining the correctness of the judgment or order appealed from it is limited to a consideration of that record. If the judgment is affirmed such affirmance is as of the date at which it was rendered. If it is reversed the case stands as if no judgment had been rendered by the inferior court. It is therefore manifest that error on the part of the inferior court cannot be predicated by reason of any matter occurring subsequent to its rendition of the judgment, and it is equally evident that it would be irrelevant for the appellate court to entertain any evidence of such subsequent matters.' [Citation.]" (*People* v. *Keligian* (1960) 182 Cal.App.2d 771, 774-775 [6 Cal.Rptr. 680].)

## D

The judgment recited that while record title to two parcels of real property in issue was held in the names of Taletta Enterprises, Inc. (Taletta), and Mount Washington Development Corporation (Mount Washington), respectively, the parcels were beneficially owned by defendant because such entities were mere agents or nominees of defendant. Accordingly, the judgment continued, the parcels are subject to levy and sale in satisfaction of defendant's obligations under the decree.

■ Defendant contends the judgment must be reversed as to those parcels because there was a material variance between pleading and proof in that the complaint did not allege Taletta and Mount Washington were agents of defendant.[4] The contention lacks merit. A variance between the allegations of a pleading and the proof will not be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits. (Code Civ. Proc., § 469; *Hayes* v. *Richfield Oil Corp.* (1952) 38 Cal.2d 375, 382 [240 P.2d 580].) As plaintiffs noted in their respondents' brief, defendant did not claim that he was misled to his prejudice in maintaining his defense, nor did he point to facts in the record demonstrating prejudice. In an apparent attempt to fill this fatal void in his argument, defendant in his reply brief asserts prejudice in that Taletta and Mount Washington were not named as defendants and therefore were deprived of due process by having their properties attached without notice and an opportunity to be heard. Without considering the merits of this conten-

---

[4] Inasmuch as defendant does not claim the determination of agency is unsupported by the evidence, we do not summarize the evidence on that issue.

tion, it is sufficient to note that the prejudice required to make a variance between pleading and proof material is prejudice to the adverse party in maintaining his action or defense (Code Civ. Proc., § 469), not prejudice allegedly suffered by a stranger to the action.

In any event a variance must deemed harmless where, as here, " 'it is clear that, if a reversal were ordered, the complaint could be amended and the objectionable evidence would be perfectly proper on the retrial, with the result that the same judgment would be rendered. [Citations.]' [Citation.]" (*Appel* v. *Burman* (1984) 159 Cal.App.3d 1209, 1214 [206 Cal.Rptr. 259].)

## II

### PLAINTIFFS' CROSS-APPEAL

Plaintiffs Hunt and the receiver cross-appealed from the judgment insofar as it denied them relief.[5] In their brief plaintiffs state that the cross-appeal is purely protective and agree that if the judgment is affirmed the cross-appeal will be moot. Accordingly, because the judgment must be affirmed the cross-appeal is dismissed as moot.

### DISPOSITION

The judgment is affirmed. The cross-appeal is dismissed. Plaintiffs are awarded costs on appeal.

Woods (Fred), J., and McClosky, J.,* concurred.

---

[5] Plaintiff Helen Lewis cross-appealed from the judgment insofar as it failed to include one of the parcels alleged to have been fraudulently conveyed. We are informed that plaintiff Lewis abandons her cross-appeal.

* Assigned by the Chairperson of the Judicial Council.