Filed 8/26/15  Mnyandu v. Los Angeles Unified School Dist. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PAMELA TINKY MNYANDU, | B260463 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC053872) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Affirmed.

Pamela Tinky Mnyandu, in pro. per., for Plaintiff and Appellant.

Office of General Counsel, Charlie L. Hill, Assistant General Counsel and Alexander Molina, Chief Labor & Employment Counsel, for Defendants and Respondents.

Appellant Pamela Tinky Mnyandu challenges the denial of her motion under Code of Civil Procedure section 473, subdivision (d), which sought to

vacate a prior order and the judgment entered in the action as void.**1**  The targeted order was the trial court's denial of appellant's prior motion under section 473, subdivision (d), which also had attacked the judgment as void.  In denying Mnyandu's second section 473 motion, the court concluded that appellant had failed to show the prior order and judgment were void.  We affirm the ruling on the second section 473 motion.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is the third time we have addressed an appeal arising out of the underlying action.  We begin by reciting the relevant facts regarding the previous appeals, as found in our prior opinions.

In August 2010, Mnyandu initiated the underlying action against her employer, respondent Los Angeles Unified School District (LAUSD), and respondent John McLaughlin.  She asserted claims against LAUSD under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.) for discrimination based on national origin, harassment, and retaliation.  In addition, she asserted claims for assault, civil battery, and intentional infliction of emotional distress against McLaughlin.  The claims were predicated on allegations that, inter alia, McLaughlin made false and derogatory criticisms of Mnyandu's work, harassed her, and grabbed her hand, causing her physical injury.

On January 13, 2012, the trial court granted respondents' motion for summary judgment on Mnyandu's claims.  On February 1, 2012, the court entered a judgment in favor of respondents and against appellant, from which Mnyandu noticed a timely appeal.  On appeal, she argued that after the trial court ruled on

---

**1**    All further citations are to the Code of Civil Procedure.

the summary judgment motion, she obtained additional evidence, including testimony from McLaughlin and other LAUSD employees in an unspecified criminal action against her, that purportedly contradicted respondents' showing in support of the summary judgment motion. In affirming the judgment in an unpublished opinion (*Mnyandu v. Los Angeles Unified School District* (May 1, 2013, B239104)), we declined to consider that evidence because it had never been presented to the trial court. We explained that to attack a grant of summary judgment on the basis of new evidence, a party ordinarily must seek a new trial or similar relief from the trial court, which Mnyandu had not done.

On May 28, 2013, after our opinion was filed, Mnyandu submitted a motion under section 473, subdivision (d), to set aside the judgment as void on the ground of extrinsic fraud. The motion contended that in seeking summary judgment, respondents' counsel suborned perjury by submitting declarations from McLaughlin and other witnesses that were contradicted by their testimony in a criminal action, *People v. Mnyandu* (Los Angeles County Superior Court Case No. BA387119). Supporting the motion were excerpts from the reporter's transcript in the criminal action, together with Mnyandu's declaration and declarations from Wendi Cowan and Lori Cole, who stated that from 2008 to 2010, they were percipient witnesses to certain events relevant to Mnyandu's claims against respondents.[2]

---

[2] Although appellant's current appeal challenges the trial court's denial of a motion to vacate the ruling regarding the May 28, 2013 motion, the minimal record she has provided does not contain the May 28, 2013 motion or the ruling on it. We augment the record to include the May 28, 2013 motion, respondents' opposition, appellant's reply, and the minute order dated June 26, 2013 denying the motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

Respondents opposed the motion on several grounds, including that Mnyandu failed to establish extrinsic fraud. They argued that because Mnyandu maintained that the summary judgment had been procured by means of perjured declarations, she alleged only intrinsic fraud, which was insufficient to render the judgment void.

On June 26, 2013, prior to the issuance of our remittitur, the trial court denied the section 473 motion to vacate the judgment, concluding that Mnyandu had not shown that the judgment was void. The court further determined that the motion amounted to an untimely motion for reconsideration (§ 1008), and that appellant's notice of appeal from the judgment divested it of jurisdiction to consider such a motion. Appellant filed no notice of appeal from the June 26, 2013 order.

In October 2013, Mnyandu filed a motion for a new trial, asserting the grounds of "[i]rregularity (fabrication of evidence) by [respondents'] counsel" and newly discovered evidence (§ 657, subds. (1), (4)). The motion contended that respondents' counsel fabricated evidence to support the summary judgment motion by submitting perjured declarations from McLaughlin and other witnesses. In support of that contention, Mnyandu pointed primarily to testimony from McLaughlin in an action before the Workers' Compensation Appeals Board (WCAB), *Mnyandu v. Los Angeles Unified School District* (WCAB Case Nos. ADJ7325988 & ADJ7329616), as well as certain determinations by the administrative law judge and the WCAB in that proceeding. On November 27, 2013, the trial court denied the new trial motion because it had been filed after the statutory deadline for such motions.

In January 2014, Mnyandu noticed an appeal from the November 27, 2013 order. Her subsequent appellate briefing challenged both the June 26, 2013 order

4

and the November 27, 2013 order.  On October 8, 2014, we dismissed that appeal, concluding that the November 27, 2013 order was not appealable, and that the notice of appeal was untimely with respect to the June 26, 2013 order.

On October 14, 2014, Mnyandu filed her second motion under section 473, subdivision (d), which attacked the June 26, 2013 order and the judgment as void. Supporting the motion was Mnyandu's declaration, which maintained that the first section 473 motion "remain[ed] pending" because the trial court had determined that it lacked jurisdiction to consider the motion.

On October 31, 2014, the trial court denied Mnyandu's second section 473 motion on grounds that closely tracked its June 26, 2013 ruling.  The court concluded that neither section 473 motion demonstrated that the judgment was void, and that the first section 473 motion had amounted to an untimely motion for reconsideration over which the court lacked jurisdiction during the pendency of the first appeal.  The court's order further stated:  "[Mnyandu's] repeated motions to set aside a judgment that has been affirmed on appeal is frivolous.  [Mnyandu] is advised that if she continues to file such frivolous motions the Court may consider issuing an Order to Show Cause why [Mnyandu] should not be declared a vexatious litigant."  This appeal followed.

## DISCUSSION

Mnyandu's principal contention is that the trial court erred in denying her second section 473 motion because the showing submitted in connection with her first section 473 motion established that the February 2012 judgment is void.  In support of that contention, she argues that the judgment was the product of fraud on the court.  Mnyandu also presents several related contentions, including that the trial court incorrectly determined that her first section 473 motion was effectively

5

a motion for reconsideration over which it lacked jurisdiction. For the reasons discussed below, we reject her contentions.

A. *Principles Governing Our Review*

We begin by setting forth the standards applicable to our review of the trial court's ruling and the scope of our inquiry. Mnyandu's second section 473 motion, from which she noticed the current appeal, asserted that her first section 473 motion sought to "set aside a void judgment which was procured by extrinsic fraud by [respondent's counsel]." (Caps deleted.) The second motion further challenged the denial of the first section 473 motion as void on the ground that it gave effect to the void judgment. Our review is thus subject to the principles applicable to attacks on judgments and orders as void due to extrinsic fraud.

Void judgments are ineffective and unenforceable. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226 (*County of San Diego*).) For that reason, an order incorrectly denying relief from a void judgment is also void, as it gives effect to the judgment. (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691.) A judgment may be shown to be void "on its face" -- that is, without going outside the record or judgment roll -- or on the basis of extrinsic evidence, that is, evidence not included in the record or judgment roll relating to the judgment.[3] (*Id.* at p. 696.) A judgment is void on its face when the record shows that the trial court lacked subject matter jurisdiction or personal jurisdiction over the parties, or granted unauthorized relief. (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493.) In contrast, as elaborated below (see pt. C. *post*), establishing that a

---

[3] "The judgment roll consists of the pleadings and certain other formal papers filed with the clerk of the trial court." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 667, p. 738.)

judgment is void due to extrinsic fraud ordinarily requires the presentation of evidence not found in the record. (*Munoz v. Lopez* (1969) 275 Cal.App.2d 178, 183-184.) Here, as the trial court noted, the section 473 motions did not attempt to show that the February 2012 judgment was void on its face, but instead relied on extrinsic evidence submitted by Mnyandu after the entry of the judgment to establish the purported extrinsic fraud.

To demonstrate that a judgment valid on its face is void, a party may file a motion to vacate the judgment in the pertinent action or an independent action in equity. (*Preston v. Wyoming Pac. Oil Co.* (1961) 197 Cal.App.2d 517, 527.) Here, Mnyandu chose to attack the judgment by means of motions under section 473, subdivision (d), which provides in pertinent part: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." That provision permits a party to seek relief from a judgment on the ground that it was procured by extrinsic fraud. (*Department of Industrial Relations v. Davis Moreno Construction, Inc.* (2011) 193 Cal.App.4th 560, 570 (*Department of Industrial Relations*). )

Generally, a section 473 motion to vacate a judgment as void due to extrinsic fraud is not governed by any statutory time limit, but is addressed to the trial court's inherent equity power to grant relief from a judgment arising from extrinsic fraud. (*Department of Industrial Relations, supra,* 193 Cal.App.4th at p. 570.) The trial court's denial of such a motion is reviewed for an abuse of discretion. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146; *County of San Diego*, *supra*, 186 Cal.App.4th at p.1230.) Under that standard, we examine the court's factual findings for the existence of substantial evidence, but review its legal determinations de novo. (*County of San Diego*, *supra*, 186 Cal.App.4th at p. 1230.)

In denying the second section 473 motion, the trial court was not obliged to consider grounds for relief not raised by Mnyandu. (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.) Similarly, under established appellate principles, our review of the denial of the second section 473 motion is limited to matters before the trial court when it considered the motion. (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813; *Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 634, fn. 17.) As our Supreme Court has explained, that rule "preserves an orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation." (*Reserve Insurance Co. v. Pisciotta*, *supra*, 30 Cal.3d at p. 813.) Thus, documents and other evidentiary material not before the trial court when it issued its ruling ordinarily are disregarded on appeal. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 631-632.) Furthermore, events occurring after the order generally are irrelevant to an appeal from that order. (*Lewis v. Hankins* (1989) 214 Cal.App.3d 195, 200-201.) Accordingly, the focus of our inquiry is on the matters presented in connection with Mnyandu's second section 473 motion.

On appeal, Mnyandu asserts numerous contentions of extrinsic fraud regarding the February 2012 judgment based on events relating to the WCAB proceedings not reflected in the records of her appeals from the judgment or the section 473 motions. She suggests that her current appeal constitutes a collateral attack on the judgment, and that she therefore may assert new contentions of extrinsic fraud on appeal, regardless of whether they were submitted to the trial court in connection with her second section 473 motion. We disagree.

Because Mynandu's attacks on the judgment are "direct," not collateral, she may not rely on evidence not presented to the trial court. Generally, a collateral attack on a judgment as void is available only when the judgment is void on its

face. (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1327.) However, as explained above, Mnyandu's section 473 motions attacking the judgment as void relied on extrinsic evidence not found in the record relating to the judgment. Similarly, her new assertions on appeal purport to rely on such evidence. Her section 473 motions constitute direct attacks on the judgment (*Greene v. Superior Court* (1961) 55 Cal.2d 403, 405), as do her new assertions on appeal (see *Schwab v. Southern California Gas Co.*, *supra*, 114 Cal.App.4th at p. 1327).[4] Because we do not consider additional evidence on appeal absent extraordinary circumstances Mnyandu has not attempted to establish (*Monsan Homes, Inc. v. Pogrebneak* (1989) 210 Cal.App.3d 826, 831; § 909), in order to present a new challenge to the judgment as void based on additional extrinsic evidence, she must assert that challenge in a direct attack before the trial court, that is, by a motion to vacate the judgment or an independent action in equity (*Gonzales*, *supra*, 68 Cal.App.3d at p. 632).[5]

---

[4] As explained in *Gonzales v. State of California* (1977) 68 Cal.App.3d 621, 632 (*Gonzales*), reversed on another ground in *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 740: "A direct attack is a proceeding instituted for the specific purpose of vacating, reversing, or otherwise attacking the judgment as by . . . motion to vacate, appeal, an independent action in equity, and by certiorari or other writs. [Citations.] A collateral attack is made, not in a proceeding brought for the specific purpose of attacking the judgment, but in some other proceeding having a different purpose -- it is an attempt to avoid the effect of a judgment or order made in some other proceeding. [Citations]."

[5] Following the close of briefing in the current appeal, Mnyandu submitted motions for leave to file supplemental briefs that addressed events in the WCAB proceeding related to her claims against respondents. The motions also seek consolidation of the current appeal with an appeal arising of the WCAB proceeding (B260131), and request judicial notice of documents related to that appeal.

For the reasons discussed above, we deny those motions. Leave to file the supplemental briefs was denied because their focus was on events in the WCAB proceeding never raised before the trial court in the underlying action. Similarly, as the documents for which Mnyandu sought judicial notice were not presented to the trial court,

*(Fn. continued on next page.)*

9

B. *Appealability*

At the outset, we address respondents' contention that the denial of Mnyandu's second section 473 motion is not appealable. That contention relies on the principle that the denial of a motion to vacate a prior appealable judgment or order is not itself an appealable order. (9 Witkin, Cal. Procedure (5th ed. 2009) Appeal, § 197, pp. 273-274.) The rationale of the principle is that "[i]f the prior judgment or order was appealable, and the grounds on which vacation is sought existed before the entry of judgment, the correctness of the judgment should be reviewed on an appeal from the judgment itself. To permit an appeal from the order refusing to vacate would give the aggrieved party two appeals from the same decision . . . ." (*Id.* at p. 274.)

The principle is subject to an exception applicable here. As Witkin explains, "it has become an established rule that an appeal lies from the denial of a statutory motion to vacate an appealable judgment or order, i.e., from denial of a motion made under [sections] 473, 473.5, or 663." (9 Witkin, *supra,* § 200, p. 276.) Under that rule, a party may appeal from the denial of a second section 473 motion that attacks a judgment on the same grounds as a prior section 473 motion that was also denied, even though no timely appeal was taken from the first denial. (*Carver v. Platt* (1960) 179 Cal.App.2d 140, 142-144 (*Carver*).)

In *Carver*, following a jury verdict, a judgment was entered against the plaintiff and in favor of the defendants in a wrongful death action. No appeal was noticed from the judgment, which became final. (*Carver, supra,* 179 Cal.App.2d

we declined to take notice of them. Furthermore, consolidation of the appeal was denied because the appeal arising out of the WCAB proceeding was dismissed by Division Eight of the Second Appellate District on June 18, 2015.

10

at pp. 142-144.) The plaintiff filed a section 473 motion for relief from the judgment on the grounds of "mistake," namely, instructional errors, which the trial court denied. (*Ibid*.) Later, the plaintiff filed what was effectively a second section 473 motion, seeking reconsideration of the prior ruling. (*Ibid*.) Following the denial of the second motion, the plaintiff noticed an appeal from the denials that was timely only with respect to the second ruling. (*Ibid*.) The appellate court concluded that the second denial was appealable because more than one section 473 motion is permitted. (*Id*. at pp. 142-143.) In view of *Carver*, we conclude that the denial of Mnyandu's second section 473 motion is appealable.[6]

## C. *No Showing of Extrinsic Fraud*

We turn to Mnyandu's central contention, namely, that in ruling on the second section 473 motion, the trial court erred in declining to vacate the February 2012 judgment, which Mnyandu argues was void due to "fraud on the court." The key issue is whether she established extrinsic fraud, for purposes of setting aside the judgment as void.

Equitable relief from a judgment as void due to fraud is proper only when the fraud is "extrinsic," rather than "'intrinsic.'" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471-472 (*Kulchar*).) As our Supreme Court has explained, the rationale for this rule is that "there must be an end of litigation": "[W]hen parties

---

[6] *Payne v. Rader* (2008) 167 Cal.App.4th 1569 and *Lawson v. Guild* (1932) 215 Cal. 378, upon which respondents rely, are distinguishable, as neither addressed the appealability of a section 473 motion asserting a potentially valid ground for relief under that statute. (*Payne v. Rader*, *supra*, 167 Cal.App.4th at p. 1576 [denial of section 663 motion asserting claim for relief unavailable under section 663 was not appealable; *Lawson v. Guild*, *supra*, 215 Cal. at p. 381 [denial of nonstatutory motion to vacate judgment was not appealable].)

11

have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." (*Pico v. Cohn* (1891) 91 Cal. 129, 133.)

"Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.' [Citation.] 'Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side, -- these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.' [Citation.]" (*Kulchar, supra,* 1 Cal.3d at p. 471.)

In contrast, intrinsic fraud merely "goes to the actual merits of the litigation. Unlike 'extrinsic' fraud, it does not preclude any party from raising a claim or defense; nor does it prevent a party from knowing about or attending a proceeding. [Citations.]" (*Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 41.) Intrinsic fraud "cannot be used to overthrow a judgment, even where the

12

party was unaware of the fraud at the time and did not have a chance to raise it at trial." (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 828.)

Intrinsic fraud encompasses the admission of perjured testimony by parties to the action, even when accompanied by assertions that their counsel participated in a conspiracy to secure the judgment. As this court has observed, "the introduction of perjured testimony is a classic example of intrinsic fraud." (*Buesa v. City of Los Angeles* (2009) 177 Cal.App.4th 1537, 1546.) Allegations that parties and their counsel conspired to misrepresent facts ordinarily do not state a theory of extrinsic fraud (*American Borax Co. v. Carmichael* (1954) 123 Cal.App.2d 204, 208 [alleged misrepresentation by parties' counsel regarding title to property in pre-trial proceedings was not extrinsic fraud]), unless the misrepresentations precluded a party from defending its rights in litigation (*Harada v. Fitzpatrick* (1939) 33 Cal.App.2d 453, 455, 459 [conspiracy involving lessor, attorney, and others to dispossess lessee without due notice by means of false representations to trial court constituted "extrinsic fraud on the trial court"].)

Here, Mnyandu's evidentiary showing regarding extrinsic fraud was submitted in connection with her first section 473 motion, which alleged that respondents' counsel deliberately misled the trial court by presenting perjured declarations. She relied on her own declaration, which asserted that to support respondents' summary judgment motion, respondents' counsel submitted declarations from several witnesses, including McLaughlin, that counsel knew contained perjury. Mnyandu also submitted excerpts from McLaughlin's testimony in the criminal action involving her, which occurred August 2012; declarations executed shortly after the February 2012 judgment from Wendi Cowan and Lori Cole, who described certain events that occurred from 2008 to 2010 in terms favorable to Mnyandu's claims; and records of Mnyandu's phone

13

calls in April 2010. In addition, Mnyandu provided an excerpt from the reporter's transcript of the criminal action, which reflects the trial court's determination that the prosecution's witnesses were "impeached with prior inconsistent statements."

In ruling on the second section 473 motion, the trial court reaffirmed its prior determination that Mnyandu had not shown that the judgment was void. We agree with that conclusion, as Mnyandu's evidence failed to establish extrinsic fraud in connection with respondents' motion for summary judgment. Nothing in her showing suggests that she was "'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting h[er] claim or defense.'" (*Kulchar*, *supra*, 1 Cal.3d at p. 471.) Mnyandu's evidence amounts merely to an attempt to show that respondents and their counsel knowingly submitted perjured testimony to secure summary judgment, which constitutes intrinsic fraud.[7]

Mnyandu's reliance on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* (1944) 322 U.S. 238 (*Hazel-Atlas Glass*), disapproved on another ground in *Standard Oil Co. of Cal. v. United States* (1976) 429 U.S. 17, 18, fn. 2, is misplaced. There, a company applied for a patent regarding a method of pouring

---

[7] Although Mnyandu's second section 473 motion did not request that the trial court review its prior ruling in light of the evidence she submitted to support her October 2013 new trial motion, that evidence also does not establish extrinsic fraud. In connection with the new trial motion, which asserted that respondents' counsel fabricated evidence to secure summary judgment, Mnyandu submitted an excerpt from McLaughlin's and Cowan's testimony in the WCAB proceeding. Mnyandu also submitted copies of declarations that respondents filed in seeking summary judgment, which she had annotated to identify what she regarded as false statements. In addition, Mnyandu submitted LAUSD's petition for reconsideration in the WCAB proceeding, which challenged the administrative law judge's findings that Mnyandu had suffered a physical injury and that McLaughlin's criticisms of her had occurred outside any "personnel action," as well as the WCAB's rejection of that petition. For the reasons discussed above, the new trial motion amounted only to an attempt to show intrinsic fraud.

14

glass. (*Hazel-Atlas Glass, supra,* 322 U.S. at p. 240.) To establish that the method was novel, the application relied on a published article that had been written by the company's attorneys and falsely attributed to an expert. (*Ibid.*) After obtaining the patent, the company sued a third party for patent infringement regarding the process. (*Id.* at pp. 241-242.) Relying on the falsified article, the company secured a judgment in its favor after a trial and appeal. (*Id.* at p. 243.) In order to conceal the deception regarding the falsified article, the company bribed the expert to state that he had written the article and to lie to the third party's investigators. (*Ibid.*) Approximately 10 years later, the third party discovered the deception regarding the article and brought an action to declare the judgment void. (*Ibid.*) In concluding that the circumstances compelled relief from the judgment, the United States Supreme Court determined that the resolute and lengthy fraudulent scheme effectively precluded the third party from establishing its rights to the method of pouring glass. (*Id.* at p. 250.) The court stated: "This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. . . . [W]e find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." (*Id.* at pp. 245-246.)

In our view, the situation here is of the type that the court in *Hazel-Atlas Glass* recognized does not render a judgment void. The gravamen of Mnyandu's theory of fraud on the court is that respondents submitted perjured declarations in order to secure summary judgment, which constitutes intrinsic fraud. Her additional allegation that respondent's counsel solicited or arranged for the perjured declarations adds nothing material to the theory, as counsel's alleged misconduct did not in any way augment the task Mnyandu confronted in opposing

15

summary judgment. Because that purported misconduct imposed no additional burden on Mnyandu, it cannot elevate her theory to one of extrinsic fraud.**8**

Mnyandu contends the trial court, in ruling on her second section 473 motion, erred in reaffirming its determination that her first section 473 motion amounted to a motion for reconsideration (§ 1008) over which the court had no jurisdiction while Mnyandu's appeal from the judgment was pending. We disagree.**9** Generally, during the pendency of an appeal from a judgment, the trial court lacks jurisdiction to alter or modify the judgment "by conducting . . . proceedings that may affect it." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.) However, an exception to that rule arises when the judgment is void, and may be set aside by the trial court notwithstanding the appeal. (*Ibid.*)

---

**8** The other decisions upon which Mnyandu relies are distinguishable or inapposite. In three of the cases, the reviewing court concluded that a theory of extrinsic fraud was adequately stated because service of the summons in the pertinent action was defective (*Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 85-87; *Bennett v. Wilson* (1898) 122 Cal. 509, 511-517) or because a judge who participated in the action had been bribed (*Root Refining Co. v. Universal Oil Products Co.* (3d. Cir. 1948) 169 F.2d 514, 534). Those extraordinary circumstances have not been established here.

The remaining decisions provide no support for Mnyandu's contention. In four of the cases, the reviewing court rejected a claim of extrinsic fraud. (*United States v. Throckmorton* (1878) 98 U.S. 61, 69-70; *Bulloch v. U.S.* (10th Cir. 1985) 763 F.2d 1115, 1121-1122; *Kenner v. C.I.R.* (7th Cir. 1968) 387 F.2d 689, 691-692; *Regenold v. Baby Fold, Inc.* (Ill. 1977) 68 Ill.2d 419, 432-433 [369 N.E.2d 858, 863-864].) The other decisions involved criminal or disciplinary actions against an attorney, and contain no discussion of a claim of extrinsic fraud. (*U.S. v. Holland* (11th Cir. 1994) 22 F.3d 1040, 1042; *In re Armentrout* (Ill.1983) 99 Ill.2d 242, 244-256 [457 N.E.2d 1262, 1263-1269]; *In re Lamberis* (Ill.1982) 93 Ill.2d 222, 224-230 [443 N.E.2d 549, 550-553].)

**9** We note with disapproval that Mnyandu's contention relies on an unpublished decision that is not citable, absent circumstances she has not demonstrated. (Cal. Rules of Court, rules 8.1115(a) & 8.1115(b).)

16

In view of that exception, we see no error in the trial court's determinations regarding the first section 473 motion. When presented with that motion, the court had sufficient jurisdiction to decide whether it had jurisdiction to grant the motion, notwithstanding the appeal. (See 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 339, pp. 963-965.) Upon determining that the motion failed to show that the judgment was void, the court reasonably regarded it as merely a motion for reconsideration over which it lacked jurisdiction, and denied it for that reason.[10]

D.  *Remaining Contentions*

Pointing to the WCAB proceedings and the criminal action, Mnyandu asserts that under the doctrines of judicial and collateral estoppel, respondents may

---

[10]  We therefore reject Mnyandu's contention that the trial court's ruling on the first section 473 motion was "void" due to certain alleged procedural irregularities surrounding the ruling on the first motion. Pointing to her declaration in support of the second section 473 motion, she argues that the trial court entered the order without a proper hearing, which denied her due process. That declaration states that on June 26, 2013, she presented herself for a hearing on the first section 473 motion, but the trial court "refused to hear the matter."

Mnyandu's contention fails, as the record demonstrates that the trial court, in fact, conducted a hearing on the first section 473 motion, but correctly determined that it ultimately lacked jurisdiction to "hear" the motion, that is, grant it, upon determining its essential character. The minute order from the hearing on the first section 473 motion states that the court conducted a hearing at which the parties were present and offered argument. As explained above, the trial court properly concluded that the first section 473 motion amounted to nothing more than a motion for reconsideration over which it lacked jurisdiction during the pendency of Mynandu's first appeal.

In a related contention, Mnyandu also suggests that the trial court improperly denied her October 2013 new trial motion. In dismissing Mnyandu's appeal from that ruling because it was nonappealable, we determined that the trial court was compelled to deny the new trial motion because Mnyandu filed it long after the statutory period for doing so had passed. Assuming -- without deciding -- that the ruling is now reviewable
*(Fn. continued on next page.)*

not rely on the February 2012 judgment or oppose her in this appeal. For the reasons discussed below, she is mistaken.

In resolving Mnyandu's first appeal, we rejected similar contentions predicated on the criminal action involving Mnyandu. Noting that the doctrine of judicial estoppel prohibits a party from abandoning a position upon which it prevailed in a prior proceeding (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171), we determined that Mnyandu had not shown that respondents, in seeking summary judgment, asserted views contrary to any on which they may have prevailed in the criminal action. Furthermore, because the doctrine of collateral estoppel prevents a party from relitigating issues that were "raised, actually submitted for determination and determined" in another action (*Barker v. Hull* (1987) 191 Cal.App.3d 221, 226), we concluded that her contention under that doctrine failed for want of a showing regarding the nature or outcome of the criminal action. We further noted that for purposes of collateral estoppel, an acquittal in an criminal action does not constitute a final determination in a civil action regarding the pertinent person's conduct. (*In re Sylvia R.* (1997) 55 Cal.App.4th 559, 563.) Those conclusions are now beyond challenge as law of the case.[11]

---

as an interim order relating to the denial of the second section 473 motion (§ 906), our prior determination conclusively resolves Mnyandu's contention.

[11]    The doctrine of the law of the case, which governs the effect of an appellate opinion on a subsequent retrial or appeal, provides that "[t]he decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (9 Witkin, Cal. Procedure, *supra*, Appeal, § 459, p. 515.)

Mnyandu's renewed contentions, insofar as they fall outside the issues resolved in the first appeal, also are defective. She has shown no grounds for the application of judicial estoppel, as nothing before us suggests that in the WCAB proceedings or the criminal action, respondents prevailed on a position *contrary* to any they have urged in opposing Mnyandu's attacks on the February 2012 judgment.[12] Similarly, she has not shown a basis for the application of collateral estoppel, which bars relitigation of an issue decided in a proceeding only when there is a final judgment in that proceeding (*Mueller v. J.C. Penney Co.* (1985) 173 Cal.App.3d 713, 718-719), that is, a judgment no longer "open to direct attack by appeal or otherwise" (*National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1726). Mnyandu has identified no final judgment sufficient to support an attack on the February 2012 judgment or to bar respondents from opposing this appeal. In sum, the trial court properly denied the second section 473 motion.

## DISPOSITION

The trial court's order is affirmed. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

---

[12] Mnyandu's reply brief suggests that judicial estoppel is applicable because respondents successfully challenged a judgment favorable to Mnyandu in the WCAB proceeding. However, the fact of that challenge is not inconsistent with the views they have advocated regarding the February 2012 judgment.

19

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.