Filed 5/17/23  Twin City Fire Ins. Co. v. Auto Zone Parts CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, <br><br> Cross-complainant and Appellant, <br><br> v. <br><br> AUTO ZONE PARTS, INC., <br><br> Cross-defendant and Appellant. | E076227 <br><br> (Super. Ct. No. CIVDS1702333) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed and dismissed.

London Fischer, Nicholas W. Davila and Patrick G. Bollig; Wiggin and Dana, Jonathan M. Freiman and Jeffrey R. Babbin, for Cross-Complainant and Appellant.

Haight Brown & Bonesteel, Bruce Cleeland and John M. Wilkerson; Severson & Werson, Jan T. Chilton and Kerry W. Franich, for Cross-defendant and Appellant.

# I.

## INTRODUCTION

AutoZone Parts, Inc. sold the wrong truck axle to a customer, whose grandson suffered serious injuries in an accident in the truck about two months later. The grandson sued AutoZone, Dorman Parts, Inc., and others. Dorman and AutoZone responded by filing cross-complaints against one another and other defendants. After a trial on the issue of liability, a jury found AutoZone and Dorman each 50 percent liable for the customer's injuries. During post-trial proceedings, Dorman's insurer, Twin City Fire Insurance Co., substituted in for Dorman. The trial court then granted AutoZone's motion for judgment notwithstanding the verdict (JNOV) on Dorman's cross-complaint, finding that Dorman failed to prove causation. After entering judgment for AutoZone, the trial court dismissed AutoZone's cross-complaint without prejudice.

Twin City appealed, and AutoZone filed a protective cross-appeal. We affirm the judgment and the order dismissing AutoZone's cross-complaint without prejudice. We therefore dismiss AutoZone's cross-appeal as moot.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Dylan Donnelly's grandfather took his truck in for repairs and the mechanic, Jeremy Stratton, determined that the truck needed a new left rear axle assembly. Stratton called AutoZone, gave them information about the truck, and told them the part he

2

needed.  AutoZone told Stratton that they had the right part, a rear axle shaft supplied by Dorman, and mailed it to him.  Stratton then installed the axle shaft in the truck.

About two months and 2,500 miles on the truck later, Donnelly borrowed his grandfather's truck to go on a trip with a friend.  While Donnelly was sleeping in the backseat and his friend was driving, the truck unexpectedly veered left and flipped.  Donnelly suffered serious, permanent injuries in the crash.

Donnelly sued Dorman and AutoZone for negligence and products liability.  Their mutual insurer, Twin City, retained the same attorney for them.  Dorman filed a cross-complaint against various defendants (but not AutoZone), asserting four causes of action for (1) implied indemnity, (2) equitable indemnity, (3) total equitable indemnity, and (4) declaratory relief.

Twin City eventually determined that Dorman and AutoZone were adverse to each other and appointed new counsel for them.  A couple of months later, Dorman amended its cross-complaint to name AutoZone as a cross-defendant.  AutoZone responded shortly afterward by filing a cross-complaint against Dorman and other cross-defendants.  AutoZone's cross-complaint asserts the same four causes of action that Dorman asserts against AutoZone.

Donnelly eventually settled for $29.9 million with Twin City as Dorman and AutoZone's insurer.  Donnelly dismissed his complaint and the case proceeded on Dorman and AutoZone's cross-complaints.

3

Before trial, the parties disputed what the jury should decide. The trial court ruled that the jury would decide only the percentage Dorman and AutoZone were at fault and that the court would then decide damages. The jury found that AutoZone was 50 percent at fault for Donnelly's injuries and that "Dorman and any others" were 50 percent at fault.

The trial court directed Dorman to file a proposed judgment. Dorman complied by filing a proposed judgment awarding itself $13 million (i.e., half of the Donnelly settlement). AutoZone objected because the trial court had yet to award damages, so the trial court ordered the parties to file briefs on what damages to award.

In its brief, AutoZone argued (as it did before trial) that Dorman had suffered no damages because Twin City paid the entire Donnelly settlement. Shortly after opposing AutoZone's brief, Dorman told the trial court that it wanted to substitute Twin City in its place. Dorman explained because Twin City would pursue "exactly the same claims [that Dorman asserted in its cross-complaint] and be subject to exactly the same defenses" as Dorman because "[t]he claims and defenses do not change." Twin City thus would "pursu[e] Dorman's equitable indemnification claim against AutoZone." The trial court granted Dorman's request and substituted Twin City "as cross-complainant in place of Dorman . . . for all further purposes."

Twin City then moved for entry of judgment. The trial court granted the motion, awarded Twin City $13 million, and entered judgment against AutoZone.

4

Shortly afterward, AutoZone filed its JNOV motion. AutoZone argued Dorman was not entitled to judgment or the $13 million damage award because Dorman failed to prove causation, did not provide necessary expert testimony, and did not suffer any recoverable damages. The trial court agreed with AutoZone's causation argument, granted AutoZone's JNOV motion, vacated the judgment, and entered a new judgment for AutoZone. AutoZone then moved to dismiss its cross-complaint without prejudice, which the trial court granted.

Dorman appealed the judgment for AutoZone and the trial court's order dismissing AutoZone's cross-complaint without prejudice. AutoZone filed a protective cross-appeal from the $13 million judgment for Twin City "in the event This Court reverses the judgment" for AutoZone.

III.

DISCUSSION

AutoZone contends we should affirm the judgment in its favor for several reasons, including that Dorman did not suffer legally cognizable damages and, in turn, Twin City cannot recover damages on Dorman's cross-claims as its substitute. Although the trial court did not reach the damages issue in granting AutoZone's JNOV motion, we agree with AutoZone and affirm the judgment on that basis. (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 252, fn. 1 [appellate court may affirm on any basis].) We affirm the trial court's order dismissing AutoZone's cross-complaint without prejudice,

5

instead of with prejudice, because Twin City fails to show it was prejudiced by the dismissal without prejudice.

    A. *Dorman Suffered No Legally Cognizable Damages*

AutoZone and Twin City agree, as do we, that restitution is the appropriate remedy in an equitable indemnity action such as this case.[1] (*AmeriGas Propane, L.P. v. Landstar Ranger, Inc.* (2010) 184 Cal.App.4th 981, 989 (*AmeriGas*).) Equitable indemnification allows "liability to be apportioned between wrongdoers based on their relative culpability." (*Woodward-Gizienski & Associates v. Geotechnical Exploration, Inc.* (2008) 208 Cal.App.3d 64, 67.) Its purpose is to "equaliz[e] the common burden shared by joint tortfeasors, and to prevent one from profiting at the expense of others." (*AmeriGas*, *supra*, at p. 989.) It is based on the equitable principle that "one who has been *compelled to pay damages* which ought to have been paid by another wrongdoer may recover from that wrongdoer." (*Bush v. Superior Court* (1992) 10 Cal.App.4th 1374, 1380, italics added.)

Thus, in an equitable indemnity action involving joint tortfeasors, the plaintiff may not recover money it did not pay. (*AmeriGas*, *supra*, 184 Cal.App.4th at p. 989; *Miller v. Ellis* (2002) 103 Cal.App.4th 373, 380-382 (*Miller*).) To award any more than what the plaintiff paid out of pocket would unjustly enrich the plaintiff. (*Miller*, *supra*, at p. 382.)

---

    [1] Although the parties asserted declaratory relief claims against each other, they agree their cross-complaints present an equitable indemnity action.

*Miller* illustrates this point. There, attorneys Miller and Ellis represented a plaintiff in a personal injury action, who later sued them for malpractice. (*Miller*, *supra*, 103 Cal.App.4th at p. 376.) Miller had appropriate malpractice insurance, but Ellis did not, so Miller's insurer provided Ellis a "'courtesy defense.'" (*Ibid*.) The matter settled and Miller's insurer paid the entire settlement sum ($75,000), even though Miller and Ellis were just as liable. (*Ibid*.) Miller then filed an indemnity action against Ellis seeking to recover for the malpractice case. (*Ibid*.)

The Court of Appeal held Miller was limited to recovering restitution, defined as "any sums *paid by Miller* in excess of Miller's share of the fault in order to discharge their joint liability." (*Miller*, *supra*, 103 Cal.App.4th at pp. 380-381.) But because Miller's insurer paid the entire $75,000 settlement, the only restitution Miller could recover was for the $5,000 deductible he paid out-of-pocket for his insurer's defense. (*Id*. at p. 381.) The court reasoned that "[t]o permit Miller now to obtain 'indemnification' from Ellis for the $75,000 paid to the injured party not by Miller himself, but by his insurance carrier, would effectively reward Miller for his own wrongdoing," (*ibid*.) and "would result in unjust enrichment, contrary to the principles of fairness and equity underlying the doctrine of indemnification." (*Id*. at p. 382.)

We followed *Miller*, *supra*, 103 Cal.App.4th 373 in *AmeriGas*, *supra*, 184 Cal.App.4th 981. As in *Miller*, the plaintiff in *AmeriGas* filed an equitable indemnity action against Landstar seeking to recover a portion of a settlement the plaintiff had paid to resolve a tort claim against the plaintiff and Landstar. (*AmeriGas*, *supra*, at p. 989.)

Relying on *Miller*, we held that the plaintiff could recover restitution from Landstar only for the amount the plaintiff "*itself paid* in excess of its fair share." (*Id*. at p. 989; see also 5 California Torts § 74.06 ["[A] tortfeasor may not seek indemnity for the amounts paid by [its] insurer"], citing *Miller*, *supra*, at pp. 380-382.)

Twin City argues *Miller* is distinguishable for two reasons, but neither is persuasive. Twin City first argues the plaintiff in *Miller* was a cotortfeasor whereas Dorman is not. In Twin City's view, the verdict "was far too imprecise to attribute liability to Dorman" because it allocated 50 percent liability to AutoZone and 50 percent liability to "Dorman and others." For purposes of this appeal, it does not matter exactly how much liability the jury attributed to Dorman. The special verdict shows that the jury found Dorman at least partially liable for Donnelly's injuries, rendering it a cotortfeasor along with AutoZone. (See *Musser v. Provencher* (2002) 28 Cal.4th 274, 279-280; 4 A.L.R.3d 620, § 1 [defining "cotortfeasor" in insurance context as "one who is liable, along with the insured, to compensate an injured third person"].)

Twin City next argues *Miller* is distinguishable because the plaintiff there intended to keep any judgment in its favor while judgment was entered for Twin City, and Dorman always intended to use any judgment award it recovered to reimburse Twin City. But that does not change the fact that Dorman could not recover on its cross-complaint in the first place because it did not contribute anything to the Donnelly settlement. Because Dorman could not recover anything, Twin City also could not recover as Dorman's substitute, irrespective of what Dorman intended to do with any judgment in its favor.

8

Despite Twin City's efforts to distinguish *Miller*, we find it applicable and follow it here, as we did in *AmeriGas*. Under *Miller* and *AmeriGas*, Dorman is entitled to equitable indemnity from AutoZone for only the amount it contributed to the Donnelly settlement. Twin City, however, paid the entire settlement amount, so Dorman cannot recover anything from AutoZone for its equitable indemnity claims. (*Miller*, *supra*, 103 Cal.App.4th at pp. 380-381; *AmeriGas*, *supra*, 184 Cal.App.4th at p. 989.) It follows that Twin City, who substituted in for Dorman to prosecute Dorman's claims, also cannot recover damages in Dorman's shoes. And because neither Dorman nor Twin City was entitled to recover on Dorman's cross-complaint, the trial court properly granted AutoZone's JNOV motion.

Twin City alternatively argues we should follow *Smith v. Parks Manor* (1987) 197 Cal.App.3d 872 (*Smith*), but *Smith* does not apply here. There, an insured settled with a plaintiff and the insurer paid the settlement sum. (*Id*. at p. 877.) The *Smith* court held that the insured suffered a loss, even though the insured did not pay the settlement. (*Id*. at p. 878.) But *Smith*'s discussion that Twin City relies on is limited only to whether the insured suffered a loss that triggered the insurer's obligations to indemnify the insured. (See *ibid*.) The court had no occasion to decide whether the insured could recover for that loss as restitution on an equitable indemnity claim. "[C]ases are not authority for propositions not considered." (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

9

*Smith* therefore does not affect our conclusion above that *Miller* and *AmeriGas* control here.[2]

In short, because Dorman could not recover damages on its cross-complaint and Twin City could not do so as Dorman's substitute, the trial court properly granted AutoZone's motion for JNOV. We therefore affirm the judgment for AutoZone.

B. *Dismissal Without Prejudice*

Twin City contends the trial court erroneously dismissed AutoZone's cross-complaint without prejudice instead of with prejudice. In its view, the judgment for AutoZone resolved the claims asserted in AutoZone's operative cross-complaint, so the dismissal should have been with prejudice under Code of Civil Procedure section 581, subdivision (e).[3] We disagree.

Under section 581, subdivision (e), the trial court may dismiss a complaint *without* prejudice at the plaintiff's request after trial has begun only if there is good cause. If no good cause exists, then the dismissal must be with prejudice. (Code Civ. Proc., § 581,

---

[2] In the trial court, Twin City argued that it suffered a loss because its insurance policy was depleted because of the settlement. On appeal, AutoZone asserted that the argument was meritless. At oral argument, however, counsel for Twin City clarified that the argument pertained only to its position that Twin City had standing.

[3] Code of Civil Procedure section 581, subdivision (e), provides in full: "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

subd. (e).) These principles apply to a cross-complaint. (See Code Civ. Proc., § 581, subd. (a)(2).)

Twin City argues we review the trial court's finding that there was good cause to dismiss AutoZone's cross-complaint de novo while AutoZone argues we apply the abuse-of-discretion standard. We need not decide the issue because we find no error under either standard.

AutoZone's cross-complaint asserted claims for implied, equitable, and express indemnity against Dorman, as well as a claim for declaratory relief. The express indemnity claim alleged that Dorman expressly agreed in the parties' vendor agreement to indemnify AutoZone "from and against all suits, claims, losses, costs and expenses, even if such claims are groundless . . . arising out of any actual or alleged injury" resulting from "any alleged or actual defect in any products supplied to AutoZone by [Dorman]."

The trial court ordered the trial to be bifurcated with the jury first only apportioning fault for Donnelly's accident. The jury found AutoZone 50 percent liable while finding "Dorman and others" 50 percent liable. The jury thus did not specifically determine Dorman's fault, which, as Twin City notes, "was predicate to all of AutoZone's cross-claims, including express indemnification." And because the jury was limited only to apportioning fault, AutoZone had no chance to present evidence of damages that its cross-complaint sought to recover. Nor did AutoZone have a chance to argue Dorman had to indemnify AutoZone for its damages under the vendor agreement.

11

In short, the jury's liability findings did not adjudicate all of the issues raised in AutoZone's cross-complaint. Under these circumstances, the trial court correctly found that there was good cause to dismiss the cross-complaint without prejudice.

But even if the trial court erred in doing so, Twin City fails to show that it was prejudiced by the dismissal without prejudice. (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant must show the trial court prejudicially erred to obtain reversal].) Twin City does not clearly argue how it was prejudiced, but suggests that the dismissal without prejudice will impermissibly allow AutoZone to relitigate the cross-complaint "at its convenience at a future date, perhaps in a different forum." Although AutoZone might do so, it might not. As it stands, Twin City's concern that AutoZone may try to relitigate its cross-claims at some later date in some other forum is entirely speculative and does not warrant reversal. (See *Harmony Gold U.S.A., Inc. v. County of Los Angeles* (2019) 31 Cal.App.5th 820; *People v. Singh* (2015) 234 Cal.App.4th 1319, 1331.) We note, however, that anything decided on the merits in this case could not be relitigated under the doctrines of claim and issue preclusion. (See *Mesa Shopping Center-East, LLC v. O Hill* (2014) 232 Cal.App.4th 890, 901-902.)

C. *AutoZone's Cross-Appeal*

AutoZone filed a protective cross-appeal to challenge the $13 million judgment for Twin City in the event we reverse the judgment for AutoZone. Because we affirm the judgment for AutoZone, we dismiss its cross-appeal as moot. (*Quantification Settlement*

*Agreement Cases* (2015) 237 Cal.App.4th 72, 76; *Jones & Matson v. Hall* (2007) 155 Cal.App.4th 1596, 1611.)

IV.

DISPOSITION

The judgment for AutoZone and the order dismissing AutoZone's cross-complaint without prejudice are affirmed. AutoZone's cross-appeal is dismissed as moot. AutoZone may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>MILLER</u>
J.